BETA UPSILON CHAPTER OF SIGMA KAPPA HOUSE ASSN., APPELLANT, *v.* PORTERFIELD, TAX COMMR., APPELLEE.

[Cite as Beta Upsilon Chapter of Sigma Kappa House Assn. v. Porterfield, 17 Ohio Misc. 123.]

(No. 67237—Decided December 18, 1968.)

Board of Tax Appeals, Department of Taxation, State of Ohio.

*Messrs. Boelter, Fisher & Sullivan* and *Mr. James H. Sullivan, Jr.,* for appellant.
*Mr. William B. Saxbe,* attorney general, and *Mr. Edgar L. Lindley,* for appellee.

This cause and matter came on to be considered by the Board of Tax Appeal upon a notice of appeal filed herein under date of April 3, 1968, by the appellant above named, from final assessment certificates issued by the Tax Commissioner to appellant in relation to appellant's 1966 and 1967 personal property tax returns, wherein that official denied appellant's request for refund of personal property tax previously paid by the appellant for the years 1966 and 1967.

The matter was submitted to the Board of Tax Appeals upon the notice of appeal, the statutory transcript supplied by the Tax Commissioner, the testimony and evidence presented to the Board of Tax Appeals at a hearing in Columbus, Ohio, on August 5, 1968, and the briefs supplied by counsel.

The appellant, in its notice of appeal says that the final order of the Tax Commissioner is in error and the pertinent portion of said notice of appeal reads as follows:

"The errors complained of are:

"1. The Tax Commissioner of Ohio by Final Assessment Certificate No. 223162 has assessed furniture, fixtures and equipment of the taxpayer for the tax years 1966 and 1967 in the amount of $277.46 and $228.27 respectively.

"2. The Commissioner in issuing his final assessment denied a request for a refund of the personal property tax paid on the basis that 'request for refund based on claim the taxpayer is not in business as defined by Section 5701.08 (B), Revised Code, is denied,' when such taxpayer is not engaged in business pursuant to Section 5709.01, Revised Code, and as defined in Section 5701.08, Revised Code.

"3. Said final assessment order and final determination is not sustained by the evidence and is against the weight of the evidence and is contrary to law.

"4. That the said Tax Commissioner by his final order discriminates against the appellant since refunds have been granted country clubs and private organizations in

Hamilton County, Ohio, and other counties throughout the state.

"Appellant prays that the Board of Tax Appeals declare an order that the finding, order and final determination and assessment No. 223162, dated March 8, 1968, is in error and further declare the order and assessment by the commissioner be abated and held for naught."

The appellant, Beta Upsilon Chapter of Sigma Kappa House Association is a corporation not for profit, organized and existing under the laws of the state of Ohio since 1951. The corporation was organized for the purposes set forth in its purpose clause in its Articles of Incorporation and are as follows:

"THIRD. The purpose or purposes for which said corporation is formed are:

"To acquire by purchase, lease, or otherwise, real estate for use as house or houses suitable for a college sorority; to own, maintain, improve, build, remodel, house or houses; to own household goods, furnishings, and other personal property; and to own and maintain equipment and purchase supplies for the serving of meals, all of which is for the accommodation, convenience, benefit, social entertainment and pleasure of members while attending and receiving their education at Ohio University; and the doing of any and all things necessary or incident thereto."

The corporation manages the affairs of Sigma Kappa Sorority, a chapter of a national Sorority whose facilities are located in Athens, Ohio, in conjunction with Ohio University, also situated in Athens, Ohio.

The Sorority provides room and board for its members during the school year while they are attending and receiving their education at Ohio University.

Several employees keep the chapter house in operation, including a cook, house mother and a janitor. The Corporation consists of the members of the sorority chapter who are entitled to vote at its annual meeting, and is controlled by seven adult trustees who are elected by the membership and who serve without remuneration.

One of such trustees and secretary-treasurer of the corporation is Mrs. Bessie H. Day, who keeps the books of the house association, and who serves without remuneration. She was the only witness presented to the Board of Tax Appeals at said hearing.

Girls who matriculate in Ohio University are rushed and/or pledged to join the sorority. Upon becoming a member, each girl pays an initiation fee, annual dues and if she lives in the sorority house she must pay a fixed sum for room and board.

The secretary-treasurer of the corporation filed personal property tax returns with the Athens County Auditor's Office for the tax years 1966 and 1967, listing in Schedule 4 thereof the value of furniture, fixtures and kitchen equipment on which the tax was paid.

The only question for the Board of Tax Appeals to decide is whether or not appellant's personal property listed in its Schedule 4, is or is not, used in business, within the meaning of that term as set forth in Chapter 57, Revised Code.

Section 5709.01, Revised Code, in pertinent part reads as follows:

"* * *. All personal property located and used in business in this state, * * * are (is) subject to taxation, regardless of the residence of the owners thereof. * * *"

Section 5701.08, Revised Code, in pertinent parts reads as follows:

"(A) Personal property is 'used' within the meaning of 'used in business' when employed or utilized in connection with ordinary or special operations, when acquired or held as means or instruments for carrying on the business, when kept and maintained as part of a plant capable of operation, whether actually in operation or not, or when stored or kept on hand as material, parts, products, or merchandise. * * *

"(B) 'Business' includes all enterprises conducted for gain, profit, or income and extends to personal service occupations."

The testimony of appellant has indicated and its books

and records show that there is usually a surplus at the end of each operating year. However, in arriving at this surplus figure the appellant has included dues and if such figure was withdrawn from consideration, appellant would show a very substantial loss each operating year.

Pertinent cases are *American Jersey Cattle Club* v. *Glander*, 152 Ohio St. 506, wherein Syllabi 1, 2 and 3 read as follows:

"1. The fact, that a corporation is organized and operated as one not for profit, does not mean that its enterprises may not be conducted for gain, profit or net income to the corporation as a legal entity apart from its members.

"2. In determining whether the activities of a non-profit corporation constitute enterprises conducted for gain, profit or net income, it is proper to consider the history of such corporation.

"3. The activities of such a corporation constitute enterprises conducted for gain, profit or net income where it appears that (a) those activities have resulted in the accumulation by the corporation over a period of years of substantial surplus funds. (b) the corporation has had a substantial surplus of revenues over expenditures from those activities during the preceding year, and (c) the corporation admittedly regards such a surplus as essential for the expansion of its activities."

The *Kirtland Country Club* v. *Bowers*, 174 Ohio St. 116, wherein the syllabus reads as follows:

"The personal property of an organization formed as a corporation for profit under Ohio law, which operates a private country club conducted for social and recreational purposes solely for the benefit of its members and not conducted for purposes of gain, profit or income is not taxable under Section 5709.01, Revised Code."

and *The Engineers' Club of Dayton* v. *Donahue*, 8 Ohio St. 2d 18, which affirmed the Board of Tax Appeals finding that certain personal property was not "used in business" upon the authority of the *Kirtland Country Club Co.* v. *Bowers, supra.*

Giving consideration to the facts, the statutes and the case law herein set forth it is the finding of the Board of Tax Appeals that the personal property of the appellant herein is not "used in business" within the meaning of Section 5701.08, Revised Code.

It is therefore the order of the Board of Tax Appeals that the final orders of the Tax Commissioner herein, wherein that official denied appellant's requests for personal property tax refunds for 1966 and 1967, must be, and hereby is reversed and the matter is remanded to the Tax Commissioner with instructions to that official to do all things necessary to give effect to this order.

It further is ordered that a copy of this order be certified to the Tax Commissioner, the Auditor of Athens County, Ohio, and the counsel of record.

I hereby certify the foregoing to be a true and correct copy of the action of the Board of Tax Appeals of the Department of Taxation this day taken with respect to the above mater.

Arthur W. Moore

SECRETARY